IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SOPHIA MARTINEZ GONZALEZ,
    Plaintiff,

vs.                                                                                             Civ. No. 11-744    JP/GBW

MADRON SERVICES, INC.,
and PHIL MADRON,
    Defendants.

**MEMORANDUM OPINION AND ORDER**

        Defendants, Madron Services, Inc., and Phil Madron, move the Court under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss all claims brought against them.[1] In her First Amended Complaint,[2] Plaintiff Sophia Martinez Gonzalez brings claims for violation of the federal Family and Medical Leave Act, defamation, retaliation, and intentional infliction of emotional distress. Complaint at 1. Plaintiff alleges in part that Defendants terminated Plaintiff's employment while Plaintiff was on leave to care for her brothers in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-54. Complaint at 3, 6. Defendants argue that Plaintiff has failed to assert a plausible claim under the FMLA because the FMLA does not extend to leave taken to care for a sibling. Motion to Dismiss at 1. Defendants ask the Court to

---

[1] On October 25, 2011, Defendants filed a MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Doc. No. 5) (Motion to Dismiss). Plaintiff did not file a Response.

[2] On September 4, 2011, Plaintiff filed PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DEFAMATION, RETALIATION, VIOLATION OF FEDERAL MEDICAL LEAVE ACT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND JURY DEMAND (Doc. No. 3) (Complaint). On October 25, 2011, Defendants filed an ANSWER BY DEFENDANTS TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DEFAMATION, RETALIATION, VIOLATION OF FEDERAL MEDICAL LEAVE ACT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Doc. No. 6) (Answer).

dismiss Plaintiff's other claims because Plaintiff's FMLA claim is the only ground for federal jurisdiction over the case. *Id.* The Court has reviewed the Complaint, Answer, Motion to Dismiss, and relevant law, and the Court concludes that Defendants' Motion to Dismiss should be granted.

## BACKGROUND[3]

In 2008, Plaintiff became employed as an office manager with Defendant Madron Services, Inc., which is owned by Defendant Phil Madron. Complaint at 1-2. Plaintiff alleges that during her employment Mr. Madron advised Plaintiff not to pay company taxes, asked Plaintiff to create false records for an audit, discussed matters of a sexual nature, and screamed and cursed about Defendants' finances. *Id.* at 2, 4. Plaintiff states that she refused to engage in any illegal activity, resulting in the deterioration of her working relationship with Mr. Madron. *Id.* at 3. When Plaintiff paid the company taxes against Mr. Madron's wishes, Mr. Madron threw "a tantrum on the jobsite." *Id.* at 2. Plaintiff asserts that these circumstances combined to create a hostile work environment. *Id.* at 4.

Additionally, Plaintiff heard rumors from other employees that Plaintiff had embezzled money from Defendants. *Id.* at 3. Plaintiff was the only person other than Mr. Madron who had access to company money. *Id.* at 4. Plaintiff alleges that these rumors constituted defamation and caused her major emotional distress. *Id.* As a result of the defamation and hostile work environment, Plaintiff suffered anxiety and had difficulty sleeping. *Id.* at 5.

In February 2010, Plaintiff took time off work to care for her two brothers, who were ill. *Id.* at 3. According to Plaintiff, Mr. Madron advised Plaintiff to take all the time she needed to

---

[3] The following facts are taken from Plaintiff's Complaint.

care for her brothers, approved Plaintiff's leave under the FMLA, and promised Plaintiff that she would be able to return to her job. *Id.*

On March 26, 2010, while Plaintiff was on leave, supervisor Tim Briones informed Plaintiff that she was going to be fired and that the company had hired someone else for her position. *Id.* On March 29, 2010, Plaintiff reported to work, returned her work keys, and wrote Mr. Madron a letter, explaining that she knew her employment was going to be terminated. *Id.* at 4. In Plaintiff's view, Mr. Madron terminated Plaintiff's employment in retaliation for Plaintiff's refusal to engage in illegal acts and because Plaintiff took leave to care for her brothers. *Id.* at 6.

## DISCUSSION

Defendants ask the Court to dismiss Plaintiff's claims because the FMLA does not extend to leave taken to care for a sibling, and Plaintiff's FMLA claim is the only claim alleged to rise under federal law. Motion to Dismiss at 1. Plaintiff has not filed a Response to Defendants' Motion to Dismiss. Under the Local Rules of Civil Procedure for the United States District Court for the District of New Mexico, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). The district court must, however, consider the merits of a motion to dismiss for failure to state a claim "even if a plaintiff does not file a response." *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) (concluding that "the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted").

**Standard under Rule 12(b)(6)**

The Court will dismiss a complaint under Rule 12(b)(6) if the complaint "fail[s] to state a claim upon which relief can be granted." In ruling on a Rule 12(b)(6) motion to dismiss, the

Court accepts the plaintiff's well-pleaded allegations as true and views those allegations in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the complaint need not recite "detailed factual allegations, . . . the factual allegations must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (quotation marks, citation and brackets omitted). "Despite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alteration, quotation marks, and citation omitted).

**Plaintiff's FMLA Claim**

Plaintiff alleges in the Complaint that "Defendants terminated Plaintiff's employment" because "she was forced to take off work to assist in the care of her two brothers' serious health conditions, which violates the protections of the FMLA as outlined in 29 U.S.C. § 2615(a)." Complaint at 6. The Tenth Circuit Court of Appeals has recognized two theories for recovery under Section 2615(a). *DeFreitas v. Horizon Inv. Mgmt. Corp.,* 577 F.3d 1151, 1159 (10th Cir. 2009). First, a plaintiff may bring an interference claim under Section 2615(a)(1), which makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by the FMLA. *See DeFreitas,* 577 F.3d at 1159. In order to prevail

on an FMLA interference claim, Plaintiff must show that (1) "she was entitled to FMLA leave," (2) Defendants took some adverse action that interfered with Plaintiff's "right to take FMLA leave," and (3) Defendants' "action was related to the exercise or attempted exercise of [Plaintiff's] FMLA rights." *Id.*

Second, a plaintiff may bring a retaliation claim under Section 2615(a)(2), which provides that it is "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" by the FMLA. *See Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 1004 (10th Cir. 2011). To state a prima facie case under a retaliation theory, Plaintiff must allege that (1) "she engaged in a protected activity," (2) "a reasonable employee" would have found the Defendants' action "materially adverse," and (3) there is "a causal connection between the protected activity and the adverse action." *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1171 (10th Cir. 2006).

Plaintiff does not indicate whether she is pursuing a retaliation theory or an interference theory under Section 2615(a). Under either theory, however, Plaintiff's FMLA claim is not viable if Plaintiff was not entitled to take FMLA leave to care for her brothers. The FMLA entitles employees to take leave for one or more of the following reasons:

> (A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.
> (B) Because of the placement of a son or daughter with the employee for adoption or foster care.
> (C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.
> (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.
> (E) Because of any qualifying exigency (as the Secretary shall, by regulation, determine) arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces.

29 U.S.C. § 2612(a)(1).

The plain language of the FMLA demonstrates that an employee is not entitled to take FMLA leave in order to care for a sibling. *See Smith v. Women's Healthcare Assocs., LLC*, No. 10-198, 2011 WL 1561010, at *1 (D. Or. Apr. 25, 2011) (explaining that care of a sibling is not protected under the FMLA and concluding that the plaintiff "must demonstrate that she was legally entitled to protected medical leave, and not merely that it was graciously provided by her employer"); *Gude v. Rockford Ctr., Inc.*, 699 F. Supp. 2d 671, 685 (D. Del. 2010) ("[C]aring for one's sibling is not a guaranteed right under the FMLA."); *Olejarz v. Shaler Twp., PA*, No. 08-1153, 2010 WL 2331066, at *11 n.5 (W.D. Pa. June 4, 2010) (unpublished opinion) ("[P]rovisions of the FMLA make clear that the Act does not extend to leave taken to care for a sibling."). Because Plaintiff was not entitled to FMLA leave to care for her brothers, the Court concludes that Plaintiff has failed to state a claim for violation of the FMLA. Plaintiff's FMLA claim will be dismissed with prejudice.

**Plaintiff's State Law Claims**

In addition to the alleged violation of the FMLA, Plaintiff asserts claims for defamation, intentional infliction of emotional distress, and retaliation, which Plaintiff appears to bring under state law.[4] Defendants argue that the only federal law Plaintiff cites is the FMLA and asks the Court to dismiss Plaintiff's state law claims. Motion to Dismiss at 7. The Court agrees that Plaintiff's remaining claims should be dismissed.

Federal district courts are "courts of limited jurisdiction." *Exxon Mobil Corp. v.*

---

[4] The Court notes that Plaintiff's claims of a "hostile work environment" and "retaliation" are types of allegations that potentially could be brought under Title VII of the Civil Rights Act of 1964. But from the face of the Complaint it appears that Plaintiff has not alleged a claim under Title VII. The Court does not rule on any potential Title VII claims.

*Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Congress has conferred original jurisdiction on the federal district courts in cases involving a federal question and cases involving diversity of citizenship. *See* 28 U.S.C. §§ 1331-32. The Court has original jurisdiction based on diversity of citizenship if (1) "the matter in controversy exceeds the sum or value of $75,000" and (2) the case is between "citizens of different states." Section 1332(a)(1). Plaintiff alleges that she "has suffered damages in excess of the minimum jurisdictional limits of this Court." Complaint at 6. But Plaintiff has not alleged diversity of citizenship. *See* Complaint at 1 (providing that Plaintiff resides in Carlsbad, New Mexico, and that Defendants may be served with process in Carlsbad, New Mexico).

Additionally, "Congress has conferred on the district courts original jurisdiction in federal-question cases—civil actions that arise under the Constitution, laws, or treaties of the United States." *Exxon Mobil Corp.*, 545 U.S. at 552. And if a district court has original jurisdiction over a civil action by virtue of a federal question, the district court has "supplemental jurisdiction over all other claims" that arise from "the same case or controversy." 28 U.S.C. § 1367(a). However, "[t]he district court may decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3).

In this case, the only claim over which the Court has original jurisdiction is Plaintiff's claim for violation of the FMLA. Having concluded that Plaintiff's FMLA claim should be dismissed with prejudice for failure to state a claim, the Court will decline to exercise supplemental jurisdiction over Plaintiff's other claims. *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state

claims.").

Defendants argue that the Court should dismiss Plaintiff's state law claims *with* prejudice. The Court concludes that Plaintiff's state law claims should be dismissed *without* prejudice so that Plaintiff can pursue the claims in state court. *See Green v. Bd. of County Comm'rs*, 472 F.3d 794, 801 n.2 (10th Cir. 2007) ("[O]nce a federal claim has dropped out of an action, supplemental state-law claims are no longer "supplemental" and thus are dismissed without prejudice.); *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (explaining that, once all federal claims have been disposed of, "the most common response" is "to dismiss the state law claim or claims without prejudice").

**IT IS ORDERED THAT** Defendants' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Doc. No. 5) is granted, in that (1) Plaintiff's claim for violation of the Family and Medical Leave Act is dismissed with prejudice, (2) Plaintiff's claim for defamation is dismissed without prejudice, (3) Plaintiff's claim for retaliation is dismissed without prejudice, and (4) Plaintiff's claim for intentional infliction of emotional distress is dismissed without prejudice.

_____
SENIOR UNITED STATES DISTRICT COURT JUDGE